**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

DEAN HANSON,

                Plaintiff,

v.                                    CIVIL ACTION NO.  5:10-cv-00906

FIRST NATIONAL BANK, et al.,

                Defendants.

**MEMORADUM OPINION AND ORDER**

The Court has reviewed *Plaintiff's Motion to Alter or Amend Judgment and Motion to Certify Questions of Law to the West Virginia Supreme Court* (Document 197). After careful review of the motion, all supporting memoranda and written submissions relative thereto, the Court denies Plaintiff's motion.

**I.**

By Memorandum Opinion and Order of April 23, 2012 (Document 193), the Court granted summary judgment in favor of Defendants First National Bank ("FNB"), G. Thomas Garten and Charles Henthorn.  On May 21, 2012, Plaintiff filed the instant motion wherein he moves the Court to vacate its Order and/or to make a post-judgment certification of questions to the West Virginia Supreme Court of Appeals. (Document 198 at 1.)  He sets forth three grounds in support of his motion. First, with respect to his negligence claims (Counts 4 and 5), Plaintiff argues that "[c]ontrary to the Court's Order, the West Virginia Supreme Court of Appeals would recognize a duty on the part of the Defendants running in favor of Hanson and others similarly

situated, the breach of which would render them liable for all reasonably foreseeable damages arising from the breach." (*Id*.)  Second, with respect to his RICO claims (Counts 1-3) and his 12 U.S.C. § 503 claim (Count 9), Plaintiff argues that "[w]hether damages were a reasonably foreseeable consequence of the Defendant's wrongful conduct and the collapse of the scheme is a factual question that should be decided by a jury after hearing all of the pertinent evidence." (*Id*. at 2.) Third, Plaintiff argues "[t]he Court granted summary judgment on Plaintiff's conversion (Count 6) and conspiracy to commit fraud (Count 7) claims on grounds not raised by any Defendant and without providing Plaintiff with the requisite notice and an opportunity to respond as required by the Rules of Civil Procedure, and in the face of conflicting evidence." (*Id*.)  The Court briefly addresses each argument.

## II.

In opining on the propriety of granting a motion to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.

*Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002)(citation omitted); *see Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010); *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396 (4th Cir. 1998)).  The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for

which they are intended, Rule 59(e) motions typically are denied.'"  *Woodrum v. Thomas Mem'l. Hosp. Found., Inc.*, 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (citation omitted).

### III.

**A.  Negligence Claims (Counts 4 and 5)**

After consideration of Plaintiff's arguments and Defendants' responses, the Court reaffirms its earlier ruling.  Plaintiff's duty argument is largely a restatement of several points made in his response to the motions for summary judgment.  Plaintiff casts the alleged duty in the same exact manner as he did in his response.  Plaintiff, again, fails to point to any special relationship that would give rise to a duty or cite any authority to support such a drastic expansion of a duty under West Virginia law.[1]  Accordingly, for the reasons previously stated in the Memorandum Opinion and Order, the Court denies Plaintiff's motion to alter or amend judgment on his negligence claims (Counts 4 and 5).

**B.  RICO and 12 U.S.C. § 503 Claims (Counts 1-3 and 9)**

After further consideration of Plaintiff's arguments and Defendants' responses relative to Counts 1-3 and Count 9, the Court reaffirms its earlier judgment.  Plaintiff mistakenly argues proximate causation issues based on negligence claims under West Virginia law and fails to acknowledge the distinction between the causation standard to be applied in a common law negligence case and that applicable to a federal RICO claim.  Plaintiff's request to certify the proximate causation standard to be applied in this case to the West Virginia Supreme Court

---

[1] To the extent Plaintiff asks the Court to certify questions to the West Virginia Supreme Court, the Court finds such requests to be unwarranted as well as untimely.

3

serves as a clear indication that he fails to appreciate the standard announced in *Hemi Group,*
*LLC v. City of New York*, ⸺ U.S. ⸺, 130 S.Ct. 983 (2010). In *Hemi Group*, the Supreme
Court indicated that "under civil RICO [claims], the plaintiff is required to show that a RICO
predicate offense not only was a 'but for' cause of his injury, but was the proximate cause as
well." *Hemi Group, LLC*, 130 S.Ct. at 989 (internal quotation marks omitted). To ultimately
carry this burden at trial, a plaintiff must demonstrate "some direct relation between the injury
asserted and the injurious conduct alleged.' A link that is 'too remote,' 'purely contingent,' or
'indirec[t]' is insufficient." *Id.* (quoting *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 271
(1992)). Plaintiff argues he put forth evidence sufficient to create a question of fact for the jury
to resolve. However, as the Court clearly indicated, the injury and causation elements of RICO
claims are considered standing requirements. *Gallant v. Deutsche Bank Nat. Trust Co.*, 766
F.Supp. 2d 714, 722 (W.D. Va. 2011). The Court finds Plaintiff failed to demonstrate that the
Court made any clear error of law in consideration of the RICO claims or that enforcing the
previous judgment on the RICO claims would create a manifest injustice. Thus, relief under
Rule 59(e) is not appropriate.

Further, to the extent Plaintiff seeks to alter or amend judgment on the claim made
pursuant to 12 U.S.C. § 503, the Court finds no basis in law to support granting the motion and,
therefore, for the reasons previously stated in the Memorandum Opinion and Order, denies
Plaintiff's motion to alter or amend judgment on his 12 U.S.C. § 503 claim (Count 9).

## C.  Conversion and Conspiracy Claims (Counts 6 and 7)

Plaintiff argues the Court erred in finding that "Plaintiff fails to point to any evidence
that Garten or Henthorn 'shared a common plan' for the commission of O'Brien's fraud, which

is necessary to sustain a civil conspiracy claim." (Document 193 at 25.)  Plaintiff contends that "[n]o Defendant clearly raised this issue as grounds for granting summary judgment, and Plaintiff did not devote his limited page space to addressing a ground not clearly asserted." Plaintiff argues that he should have received notice under Rule 56(f)(2).  He states that no Defendant directly argued the issue of a "shared common plan."  The Defendants, did, however, articulate a difference between the two conspiracies (bank fraud and cattle fraud).  FNB argued that "[t]he only conspiracy identified in this action is one involving Henthorn, Garten, and O'Brien relating to bribes for loans. (*See* Burdiss Depo. at 141, 133, 138, 139, 148, 151). This alleged conspiracy did not involve a plan or purpose to injure the Plaintiff. This conspiracy related to O'Brien obtaining loans from FNB." (Document 141 at 29.)

Plaintiff goes to great lengths to detail the evidence in support of the claim based on the conspiracy to commit fraud. Plaintiff argues that "if a jury were to conclude, on  the  basis  of the totality of the evidence present in the record that their denials [of the conspiracy] were not to be believed, and that they had entered into a conspiracy to commit fraud, their verdict could  and should  survive  any  challenge." (Document 198 at 20.)  To the extent Plaintiff argues the Court failed to give him notice required under Rule 56(f)(2), the Court has now considered his substantive arguments relative to the evidence, on this issue, as though such arguments were presented in response to the motions for summary judgment, and reaffirms the previous ruling.  None of the evidence tendered to support a "conspiracy" among Garten, Henthorn, and O'Brien, even when considered anew, and drawing all reasonable inferences therefrom in favor of the Plaintiff, creates a genuine issue of material fact as to whether Garten and Henthorn shared a common scheme or plan to engage in O'Brien's cattle fraud.  Clearly,

5

Garten and Henthorn conspired with O'Brien to accept bribes in exchange for financing. However, Plaintiff still fails to identify what underlying fraud Garten and Henthorn conspired to commit. Plaintiff also does not identify any evidence to support Garten and Henthorn's participation in O'Brien's cattle fraud beyond mere speculation and conjecture. Therefore, again, for the reasons previously set forth in the Memorandum Opinion and Order and those described herein, the Court denies Plaintiff's motion to alter or amend judgment on his conspiracy claim (Count 7).

Plaintiff asserts that the Court erroneously granted Garten and Henthorn summary judgment on his conversion claim based on the Plaintiff's acknowledgement that the funds were to be wired into an account held by his father, Walter Hanson.[2]  Plaintiff argues that "[e]veryone understood that the funds in question were being held in trust in O'Brien's account pending their transfer to Plaintiff's account."[3] (Document 198 at 13.)  Plaintiff argues that Federal Rule  of Civil Procedure 56(f)(2) requires a district court to give "notice and a reasonable time to respond" if the Court intends to grant summary judgment on grounds not raised by a party. He states that because  no Defendant raised the issue of his  ownership of, or claim to, the  Schramm Feed Lot funds,  the Court  should  have provided notice to him  that  it  perceived this to be an issue and afforded him a reasonable opportunity to address that issue before granting summary  judgment.  Plaintiff indicates that had notice  been  provided, Hanson  would

---

[2] Inasmuch as Plaintiff does not challenge summary judgment on his unjust enrichment claim, the Court has not considered the same.

[3] Plaintiff stated that since ownership of the funds was not an issue, he did not believe he needed "to address it in detail in his omnibus response in opposition to those motions – especially since Plaintiff was laboring under a page limitation to respond to all the arguments set forth in three summary judgment motions."  Plaintiff appears to take issue with the forty page limitation for his omnibus response. The Court granted Plaintiff's Motion for Leave to File an Opposition Memorandum in Excess of Twenty Pages, wherein he sought to file an omnibus response to the Defendant's motions. (*See* Documents 144 and 146.) Plaintiff was given forty pages to file his omnibus response to Defendants' motions, but could have chosen to file a separate response to each Defendant's motion.

have directed the Court to ample and uncontested evidence in the record establishing his ownership of those funds.

To the extent Plaintiff argues the Court failed to give him notice under Rule 56(f)(2), the Court has considered his substantive arguments as though such arguments were presented in response to the motions for summary judgment. Plaintiff argues it is not in dispute that money wired from Schramm Feed Lot to Kevin O'Brien's FNB account, which was to be sent to his father's account, was for him. (Document 198 at 14-15.)   Under West Virginia law, conversion entails:

> Any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights or inconsistent therewith, may be treated as a conversion and it is not necessary that the wrongdoer apply the property to his own use. And when such conversion is proved the plaintiff is entitled to recovery irrespective of good or bad faith, care or negligence, knowledge or ignorance.

Syl. Pt. 3 of *Pine and Cypress Manufacturing Company v. American Engineering and Construction Company,* 97 W.Va. 471 (1924). Moreover, "an action for conversion of personal property cannot be maintained by one without title or right of possession." *Kisner v. Commercial Credit Co.,* 114 W.Va. 811 (1934). Further, an action for conversion may not be maintained unless plaintiff shows that he had a right to immediate possession of the property alleged to have been converted. *Thompson Dev., Inc. v. Kroger Co.*, *186 W. Va. 482, 487* (1991)*; See Haines v. Cochran Bros.*, 26 W.Va. 719, 723 (1885) (Court held that to maintain conversion action plaintiff must show right to immediate possession of the property).   By Plaintiff's own admission, the money was to be wired to O'Brien's FNB account and then O'Brien was to wire

the money to Plaintiff's father's account.  Consequently, the Court finds Plaintiff cannot maintain a conversion claim because he has failed to show any facts in dispute to indicate his immediate right to the possession of wired funds in O'Brien's account or an immediate right to possession had such funds actually been transferred to his father's account. Therefore, for the reasons previously set forth in the Memorandum Opinion and Order and the additional findings herein, the Court denies Plaintiff's motion to alter or amend judgment on his conversion claim (Count 6).

## CONCLUSION

In sum, the Court finds, for the reasons previously set forth in the Memorandum Opinion and Order, and based on the findings herein, that Plaintiff has failed to demonstrate that the Court made any clear error of law in consideration of Plaintiff's claims and has failed to demonstrate that enforcing the previous judgment with respect to his claims would create a manifest injustice.

Therefore, after careful consideration, the Court does hereby **ORDER** that *Plaintiff's Motion to Alter or Amend Judgment and Motion to Certify Questions of Law to the West Virginia Supreme Court* (Document 197) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     July 17, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

8